**GOURMET SANDWICH INTERNA-TIONAL CORPORATION,**
**Plaintiff–Appellant,**

v.

**TRAVELERS INDEMNITY COMPANY OF AMERICA,**
**Defendant–Appellee.**

No. 03–3726.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2004.

John L. Wolfe, Akron, OH, for Plaintiff–Appellant.

Harold H. Reader, Ulmer & Berne, Cleveland, OH, for Defendant–Appellee.

Before SUHRHEINRICH and CLAY, Circuit Judges; and NIXON, District Judge.*

PER CURIAM.

Plaintiff–Appellant Gourmet Sandwich International Corporation appeals from the order of the district court granting summary judgment to Defendant–Appellee

* The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

Travelers Indemnity Company of America. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

## I.

On November 3, 1999, Gourmet Sandwich reportedly suffered a theft loss. Gourmet Sandwich reported the loss to the Akron police on that day. On either November 3 or 4, Gourmet Sandwich owner Mark Figetakis reported the loss to Travelers, which had issued a Store/Pac Delicatessen Policy to Gourmet Sandwich in mid-April 1999. The policy included coverage for loss of business income (including lost profits and continuing expenses) and property damage or loss due to theft.

On October 31, 2001, Gourmet Sandwich filed suit against Travelers in the Summit County Court of Common Pleas, alleging breach of insurance contract and bad faith based on Travelers' refusal to honor Gourmet's Sandwich's claim. Travelers removed the action to federal court on the basis of diversity jurisdiction, and subsequently filed a motion for summary judgment contending that it was not liable for breach of contract or bad faith because Gourmet Sandwich had failed to cooperate with it in the adjustment of the insurance theft claim, and that Gourmet Sandwich had failed to submit a proof of loss within the mandatory time period. On April 22, 2003, the district court granted Travelers' summary judgment and dismissed the case in its entirety.[1] Gourmet Sandwich filed its notice of appeal from the judgment entered on April 22, 2003, on May 20, 2003.

On May 2, 2003, Gourmet Sandwich moved for reconsideration. The court treated it as a motion to alter or amend judgment under Rule 59(e) and denied it on June 4, 2003, because Gourmet Sandwich failed to present any new evidence that was unavailable at the time of summary judgment or demonstrate any clear errors of law. Gourmet Sandwich did not file a separate notice of appeal.

## II.

Gourmet Sandwich's notice of appeal specifically challenges the judgment entered on April 22, 2003. Its brief challenges that judgment as well as the June 4, 2003 memorandum and order. Pursuant to Fed. R.App. P. 4(a)(4)(B)(i), this notice of appeal became effective after the district court ruled on Gourmet Sandwich's Rule 59(e) motion. However, because Gourmet Sandwich did not file a notice of appeal from the district court's order disposing of the Rule 59(e) motion, as mandated by Fed. R.App. P. 4(a)(4)(B)(ii), that order is not properly before us for review.

On appeal, Gourmet Sandwich contends that the district court failed to consider Gourmet Sandwich's evidence in granting summary judgment in favor of Travelers on its breach of contract and its bad faith causes of action. Specifically, Gourmet Sandwich contends that it cooperated in the investigation of the theft loss, and that Travelers therefore acted in bad faith in refusing to pay Gourmet Sandwich's claim.

After having reviewed the parties' briefs, the record, and the applicable law, we conclude that the district court's comprehensive opinion granting summary judgment accurately and adequately ad-

---

**1.** Although the district court held that there was a genuine issues of material fact as to whether Travelers waived the proof of loss requirement, no reasonable jury could find that Gourmet Sandwich had cooperated with Travelers, or that Travelers had committed bad faith.

dresses all of the points Gourmet Sandwich raises in this appeal, and that no useful purpose would be served by the preparation of an additional opinion by this Court. We therefore AFFIRM the grant of summary judgment for all of the reasons stated in the district court's opinion dated April 22, 2003.